MADSEN CONSTRUCTION CORP., Appellant, *v.*
RIVERSIDE COUNTY MORTGAGE and LOAN
COMPANY, a California Corporation, Respond-
ent.

No. 3878

December 30, 1955.                    291 P.2d 1056

*Morse, Graves & Compton,* of Las Vegas, for Appellant.

*James H. Krieger,* of Riverside, California, and *Taylor & Gubler,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

Upon this appeal from judgment the sole point asserted by the appellant, defendant below, is that the trial court was guilty of abuse of discretion in denying a motion made during trial to permit the amendment of defendant's answer.

The action, brought by respondent mortgage and loan company, is one to recover damages pursuant to the terms of a written contract. By that contract plaintiff agreed to furnish defendant with a line of credit to enable defendant to engage in construction of veterans' housing. Credit in the amount of $1,250,000 was made available. Defendant agreed to pay plaintiff as a cancellation fee 1 percent of any sum above $100,000 of credit not used. Only $204,000 was used. Judgment against defendant was therefore rendered by the trial court in the sum of $9,460.

The amendment sought by defendant did not dispute any of the facts upon which judgment was based. Instead it asserted the existence of a counterclaim. The manner in which plaintiff agreed to furnish credit was through the making of veteran administration loans to the purchasers of defendant's housing units. Defendant agreed to deposit with plaintiff 8 percent of the amount of each loan as it was made. In the event plaintiff resold the

loan, defendant's deposit upon such loan was to be refunded or credited to sums due to plaintiff.

During trial defendant sought to introduce testimony to the effect that certain of the loans had been resold or paid off and that defendant was entitled to credit for its deposits made on such loans. The evidence was refused by the trial court as not within the issues framed by the pleadings. A motion to amend the answer in this respect was denied by the court and it is this denial which is asserted as abuse of discretion. Defendant relies upon the provisions of Rule 15 N.R.C.P. to the effect that leave to amend shall be granted freely when justice so requires.

It appears from the record, however, that the resales of loans upon which defendant's counterclaim would have been based occurred after the serving of defendant's answer. These facts, then, did not constitute a mandatory counterclaim under Rule 13 (a) N.R.C.P. and failure to plead them would not result in loss of any right which might exist by reason of such facts. Furthermore these facts properly should form the basis of a supplemental pleading under Rule 15 (d) N.R.C.P. rather than an amended pleading. The rules impose no injunction upon the trial court that the filing of supplemental pleadings be freely granted but provides simply that they may be allowed upon reasonable notice and upon such terms as are just.

Upon the motion the trial court was not, then, concerned with problems of ultimate justice but rather with problems of administration of justice. The question: whether to permit the filing of a supplemental answer and counterclaim in order that further disputes with reference to the contract might be resolved in the case already at bar; or whether to require defendant to resort to an independent action.

Bearing upon the court's decision the record discloses that twice before trial defendant had been granted

eleventh-hour motions for continuance of trial. Had the supplemental answer been allowed, a further continuance to establish the issues would apparently have been required. The court's choice was simply between convenience for plaintiff and convenience for defendant. Under the circumstances we are unable to view the choice for plaintiff as abuse of judicial discretion.

Counsel for both parties have discussed at length certain conditions imposed by the trial court in granting the two continuances which were allowed and have debated the question whether such conditions may properly constitute independent justification of the court's refusal to permit amendment. This point we do not discuss, feeling as we do that such justification is unneeded.

Affirmed.

BADT and EATHER, JJ., concur.